**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JIMMY A. SCHLIER, et al., | |
| Plaintiffs, | NO. 3:08-CV-1633 |
| v. | (JUDGE CAPUTO) |
| LT. DAVID DOUGALAS, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant Lt. David Dougalas' Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 15). For the reasons detailed in this Memorandum, the Court will deny this motion.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

On August, 29, 2008, Plaintiffs filed their Complaint (Doc. 1) initiating the current action and filed an Amended Complaint (Doc. 12) on December 9, 2008. In the Amended Complaint Plaintiffs allege the following.

Plaintiff Jimmy A. Schlier, a resident of Tannersville, Pennsylvania, is the owner, president and operator of Plaintiff Wreckers International Inc., d/b/a Schlier's Towing & Service Center ("Wreckers"), a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. (Am. Compl., Doc. 12 ¶¶ 1-3.) Defendant Lt. David Dougalas was, at all time relevant to the present action, the station commander of the Swiftwater barrack of Troop N of the Pennsylvania State Police. (*Id.* ¶ 4.) Starting in 1975, Plaintiffs were towing operators on the approved referral list of the Pennsylvania State Police. (*Id.* ¶ 7.) Due to their inclusion on this list, Plaintiffs regularly received requests to

tow vehicles from motorists and members of the State Police.  (*Id.*)  In addition to this towing business, starting in the mid-1980s, Plaintiffs provided additional services to the Pennsylvania Department of General Services ("DGS"), including towing, maintenance, body work and storage of Commonwealth-owned vehicles. (*Id.* ¶ 9.)  Starting in late 2001, Plaintiffs became involved in a series of billing disputes with the State Police due to non-payment of charges for repairs to state vehicles and questions whether the State Police should be billed for the towing of non-state vehicles performed at the request of the State Police.  (*Id.* ¶ 10.)

As a result of the billing disputes, in April of 2002, Plaintiff Schlier sent a formal complaint to Captain John. R. Brown, Director of the Internal Affairs Division of the Bureau of Professional Responsibility, State Police, complaining of the actions of certain members of the State Police based in the Swiftwater barracks. (*Id.* ¶ 12.)  This complaint alleged that morale was low at the barracks and that the actions of the State Police in relation to the billing disputes was compromising the image of the State Police.  (*Id.* ¶ 13.)  Plaintiffs state that Defendant Dougalas became aware of this complaint and its contents sometime between late April and June 2002.  (*Id.* ¶ 14.)  On September 6, 2002, the Plaintiffs were removed from the State Police towing referral lists. (*Id.* ¶ 15.)  In November 2002, Plaintiffs filed an action with the Pennsylvania Board of Claims against the Commonwealth of Pennsylvania, State Police, for non-payment of charges in the about of four hundred seventy-two thousand, four hundred eighty-two dollars ($472,482.00).  (*Id.* ¶ 17.)  On May 28, 2003, DGS disapproved Plaintiffs' renewal application seeking to be placed back on the DGS vendor list for the fiscal year beginning July 1, 2003.  (*Id.* ¶ 18.)

On August 20, 2004, Plaintiffs filed an action in this Court (Case No. 3:04-CV-1863)

(the "Rice Action") alleging that Defendant Dougalas, along with other members of the Pennsylvania State Police, had removed Plaintiffs from the State Police towing referral lists and state vendor list in retaliation for Plaintiffs' earlier Bureau of Professional Responsibility and Board of Claims filings. (*Id.* ¶ 19.) In September 2006, the commander of Troop N directed that the Plaintiffs be reinstated to the State Police towing referral lists, and the Director of Vehicle Management of the DGS reinstated Plaintiffs to the state vendor list. (*Id.* ¶¶ 20-21.) According to Plaintiffs, Defendant Dougalas refused or intentionally failed to reinstate Plaintiffs to all of the towing referral lists for which they were qualified until after December 7, 2006. (*Id.* ¶ 23.) Furthermore, Plaintiffs state that following their reinstatement to the State Police towing lists and the DGS vendor lists, Defendant Dougalas refused to allow members of the State Police under his command to buy goods or services from Plaintiffs, including towing, storage, oil changes, and minor repairs. (*Id.* ¶ 24.)

On the basis of these allegations, Plaintiffs bring a single claim against Defendant Dougalas pursuant to 42 U.S.C. § 1983. (*Id.* ¶¶ 25-30.) Specifically, Plaintiffs state that their April 2002 formal complaint to the Bureau of Professional Responsibility, their November 2002 Board of Claims action, and the action initiated in this Court in August 2004 were petitions to the government for redress of grievances expressly protected by the First Amendment to the United States Constitution. (*Id.* ¶¶ 26-27.) Plaintiffs further state that this First Amendment-protected activity was a substantial motivating factor in Defendant Dougalas' alleged decision to not reinstate Plaintiffs to the various towing lists and to prevent Plaintiffs from receiving State Police business. (*Id.* ¶ 28.) As a result, Plaintiffs claim that Wreckers International suffered a loss of profits, customer relations, and business relations. (*Id.* ¶ 29.) Further, Plaintiffs claim that Mr. Schlier has suffered emotional distress,

humiliation, and loss of personal reputation.  (*Id.*)  As a result of these claims Plaintiffs request this Court to enter judgment in their favor and award them both compensatory and punitive damages against Defendant Dougalas in his individual capacity.  (*Id.* ¶ 30.) Plaintiffs also seek injunctive relief from this Court instructing Defendant Dougalas, in his official capacity, to allow members of the State Police under his command to buy goods and services from Plaintiffs. (*Id.*)  Finally, Plaintiffs seek fees and expenses from Defendant Dougalas in his individual and official capacities and from the State Police.  (*Id.*)

On December 30, 2008, Defendant Dougalas filed a Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 15.)  On January 14, 2009, Defendant Dougalas filed a Brief in Support of his motion.  (Doc. 16.)  Plaintiffs filed a Brief in Opposition to Defendant's motion on January 29, 2009. (Doc. 17.)  On February 2, 2009, Plaintiffs filed a Consent Motion to file a supplemental brief opposing Defendant's motion to dismiss.  (Doc. 18.)  The Court granted this motion in an Order dated February 3, 2009 (Doc. 19) and Plaintiffs filed their Supplemental Brief in Opposition on February 6, 2009 (Doc. 20).  Defendant Dougalas did not file a brief in reply.  Accordingly, the Defendant's motion has been thoroughly briefed and is currently ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary

element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* The defendant bears the burden of establishing that the plaintiff's

complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

In his Motion to Dismiss and accompanying Brief in Support, Defendant Dougalas articulates three arguments suggesting that the Court should dismiss Plaintiffs' current Complaint. First, Defendant Dougalas argues that the claims included in Plaintiffs' Amended Complaint are precluded pursuant to the doctrine of res judicata. Second, he argues that Plaintiffs' First Amendment claims brought pursuant to 42 U.S.C. § 1983 fail to state a cause of action because those claims are time barred. Finally, Defendant Dougalas argues that Plaintiffs have failed to state a valid claim upon which relief may be granted under the First Amendment. The Court now addresses each of these arguments in full.

## I.     Res Judicata

"[I]t is well established that res judicata precludes a party both from relitigating matters already litigated and decided and from litigating matters that have never been litigated, yet should have been advanced in an earlier suit." *Huck v.* Dawson, 106 F.3d 45, 49 (3d Cir. 1997) (quoting *Julien v. Committee of Bar Examiners*, 923 F.Supp. 707, 717-718 (D.VI 1996)). Claims will be barred under this doctrine if the party asserting that res judicata principles should apply makes a showing that "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *U.S. v. Athone Indus., Inc.*, 746 F.2d 977, 983 (3d cir. 1984) (citing *I.A.M. National Pension Fund v. Industrial Gear Manufacturing Co.*, 723 F.2d 944, 946-947 (D.C. Cir. 1983)).

In the present motion, Defendant Dougalas argues that all three res judicata elements

are satisfied with respect to Plaintiffs' current claims based on the issues previously litigated in the Rice Action.  In the previous action before this Court, Plaintiffs Schlier and Wreckers International brought claims arising out of the same series of events against numerous defendants, including Defendant Dougalas.  The Rice Action was extensively litigated and, following trial, a jury returned a verdict in Plaintiffs Schlier and Wreckers International's favor. Accordingly, Defendant Dougalas now argues that the three res judicata elements are met and the Court should dismiss the current case because (1) there was a final decision on the merits in the Rice Action, (2) that action involved the same parties present in the current action, and (3) the Rice Action was based on the same causes of action giving rise to the allegations in Plaintiffs' current Amended Complaint.  The Defendant further argues that there has been no change of circumstances concerning the material facts and the claims asserted here should have been advanced during the litigation of the Rice Action. (Def.'s Br. in Supp., Doc. 16, at 3-5.)

In response, Plaintiffs state that the claims they now seek to litigate were, in fact, raised in the prior Rice Action, and that this Court has consistently indicated that these claims could be appropriately litigated in a second action.  (Pls.' Br. in Opp., Doc. 17, at 6.) Moreover, Plaintiffs state that, during the prior litigation, Defendant Dougalas repeatedly argued that the allegations that he continued to retaliate against Plaintiffs following their' reinstatement to the various towing and vendor lists were not and should not be part of the Rice Action.  (*Id.* at 10.)  In support of these arguments, Plaintiffs refer the Court to the transcript of the March 6, 2008 trial proceedings in the Rice Action, at which time the continuing post-reinstatement retaliation by Defendant Dougalas was discussed.  (Mar. 6, 2008 Trial Transcript, No. 3:04-cv-01863, Doc. 262.)  The Court notes that in a sidebar

7

discussion of this issue, counsel for Defendant Dougalas argued that the alleged continuing retaliation "has nothing to do with this [Rice Action] lawsuit and these defendants." (*Id.* at 175:3-4.) Plaintiffs argue that "[j]udicial estoppel precludes a party from assuming a position in a legal proceeding that contradicts or is inconsistent with a previously asserted position." (Pls.' Br. in Opp. at 12.) Counsel for Plaintiffs also swears, under penalty of perjury, that during a November 13, 2006 conference call regarding a discovery dispute, counsel notified the Court the apparent failure of Defendant Dougalas to reinstate Plaintiffs to some towing referral lists. (Lyman Affidavit., Doc. 17, Ex. 1 ¶¶ 3-5.) Plaintiffs' Counsel states that at this time the Court stated that this alleged failure to reinstate would "have to be a second action." (*Id.* ¶ 6.)

Based on its review of the transcript of the March 6, 2008 proceedings in the Rice Action and the affidavit submitted by Plaintiffs' Counsel, the Court finds that it was well-established in the prior action that the issue of continuing failure to restate Plaintiffs to certain towing lists was a separate issue that could appropriately be litigated in a separate action. For this reason, the Court will not grant Defendant Dougalas' Motion to Dismiss on res judicata grounds.

## II.     Timeliness of Claim

Section 1983 "creates a cause of action where there has been injury, under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person. In the broad sense, every cause of action under § 1983 which is well-founded results from 'personal injuries.'" *Wilson v. Garcia*, 471 U.S. 261, 278 (1985) (quoting *Almond v. Kent*, 459 F.2d 200, 204 (4th Cir. 1972). Based on its holding that § 1983 claims are best characterized as personal injury actions, the Supreme Court further

stated that the appropriate statute of limitations for § 1983 claims is the applicable state law statute of limitations for personal injury claims. *See id.* at 280 ("In view of our holding that § 1983 claims are best characterized as personal injury actions, the Court of Appeals correctly applied the 3-year statute of limitations governing actions 'for an injury to the person or reputation of any person.'" N. M. Stat. Ann. § 37-1-8 (1978)); *see also Al-Khazraji v. St. Francis College*, 784 F.2d 505, 511 (3d Cir. 1986) ("federal courts are obligated to borrow the state limitations period which is applied to the state cause of action most analogous to the civil rights cause of action, so long as it is not deleterious to the federal rights involved"). Under Pennsylvania law, personal injury claims are subject to a two year statute of limitations. 42. Pa.C.S. § 5524 (2008).

Defendant Dougalas notes that Plaintiffs filed their original Complaint commencing this action on August 29, 2008, and thus, argues that any "alleged retaliatory act that occurred prior to August 29, 2006 is beyond the statute of limitations and should be dismissed by this Court." (Def.'s Br. in Supp. at 6.) While Plaintiffs' Amended Complaint contains several allegations concerning activities taking place prior to August 29, 2006, the Court believes that these allegations were included to provide context and background for the alleged continued retaliation occurring after September 1, 2006 that is the basis for the claim in this action. As already discussed, *supra*, during litigation of the Rice Action, the Court informed the parties that any claim for Defendant Dougalas' alleged refusal to fully reinstate Plaintiffs to all State Police towing lists or allow members of the State Police under his command to purchase goods or services from Plaintiffs could only be brought through a second action. Plaintiffs allege that both the refusal to reinstate and refusal to do business occurred after September 1, 2006, and clearly state in their Brief in Opposition that they are

not seeking relief for activities occurring prior to September 1, 2006. (Pls.' Br. in Opp. at 13.) Plaintiffs initiated this action on August 29, 2008 before the appropriate filing period closed on September 1, 2008. Thus, the Court finds that Plaintiffs brought the claim in this action within the two year limitations period, and will not dismiss Plaintiffs' claim as time-barred.

**III.     Failure to State a Claim**

"A public employee has a constitutional right to speak on matters of public concern without fear of retaliation." *Baldassere v. New Jersey*, 250 F.3d 188, 194 (3d. Cir. 2001) (citing *Rankin v. McPherson*, 483 U.S. 378, 383-84 (1987); Feldman v. Phila. Hous. Auth., 43 F.3d 823, 829 (3d Cir. 1994)). "A public employee's retaliation claim for engaging in protected activity must be evaluated under a three-step process." *Id.* at 195 (citing *Green v. Phila. Hous. Auth.*, 105 F.3d 882, 885 (3d Cir. 1997); *Pro v. Donatucci*, 81 F.3d 1283, 1288 (3d Cir. 1996). "First, plaintiff must establish the activity in question was protected." *Id.* (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Second, "plaintiff must then show the protected activity was a substantial or motivating factor in the alleged retaliatory action." *Id.* (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Watters v. City of Philadelphia*, 55 F.3d 886, 892 (3d Cir. 1995); *Swineford v. Snyder County* Pa., 15 F.3d 1258, 1270 (3d Cir. 1994)). Third and finally, "the public employer can rebut the claim by demonstrating 'it would have reached the same decision . . . even in the absence of the protected conduct.'" *Id.* (quoting *Doyle*, 429 U.S. at 287; *Swineford*, 15 F.3d at 1270).

In their current motion, Defendant Dougalas does not argue that the Plaintiffs prior filings with the Bureau of Professional Responsibility, the Pennsylvania Board of Claims, or this Court were not protected activities within the scope of the First Amendment. Defendant

Dougalas does, however, argue that Plaintiffs have not satisfied the second "substantial or motivating factor" criteria, and thus, have failed to establish a prima facie case of retaliation. (Def.'s Br. in Supp. at 8.)  According to Defendant Dougalas, the Amended Complaint alleges that State Police under Dougalas' command stopped doing business with Plaintiffs in late 2001, well before Plaintiffs April 2002 complaint with the Bureau of Professional Responsibility.  (*Id.* at 7-8.)  Therefore, according to Defendant Dougalas, "the complaint could not have been the substantial and motivating factor in [his] actions."  (*Id.* at 8.)

The Court, however, after reviewing the Amended Complaint observes that Plaintiffs allege that Defendant Dougalas learned of Plaintiffs' April 2002 complaint with the Bureau of Professional Responsibility sometime between April 27, 2002 and June of 2002. (Am. Compl. ¶ 14.) The Amended Complaint also states that this complaint, along with the November 2002 Board of Claims filing and the 2004 initiation of the Rice Action in this Court, served as a substantial or motivating factor in Defendant Dougalas' alleged retaliation against Plaintiffs commencing in September 1, 2006. (Am. Compl. ¶¶ 23-24, 28.)   Thus, Plaintiffs' Amended Complaint alleges that Mr. Schlier and Wreckers International participated in activities protected by the First Amendment and that Defendant Dougalas, aware of and motivated by these activities, retaliated against Plaintiffs by refusing to fully reinstate them to State Police towing lists and by otherwise denying Plaintiffs State Police business.

Thus, the Court believes that the Amended Complaint provides Defendant Dougalas with notice of Plaintiffs' claim, supplies enough facts to state a claim to relief that is plausible on its face, and raises a reasonable expectation that discovery will reveal evidence of each necessary element of a First Amendment retaliation claim.  For this reason, the Court will not

11

grant Defendant Dougalas' motion to dismiss for failure to state a claim upon which relief may be granted.

## CONCLUSION

Since Plaintiffs' Amended Complaint (1) raises a claim that is not barred under the principles of res judicata, (2) was filed before the relevant limitations period expired, and (3) makes sufficient allegations of fact to state a claim upon which relief may be granted, the Court will deny Defendant Lt. David Dougalas' Motion to Dismiss (Doc. 15).

An appropriate Order follows.

| | |
|---|---|
| March 6, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JIMMY A. SCHLIER, et al., | |
| Plaintiffs, | NO. 3:08-CV-1633 |
| v. | (JUDGE CAPUTO) |
| LT. DAVID DOUGALAS, | |
| Defendant. | |

## **ORDER**

**NOW**, this 6th day of March, 2009, **IT IS HEREBY ORDERED** that Defendant Lt. David Dougalas' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 15) is **DENIED**.

  /s/ A. Richard Caputo
  A. Richard Caputo
  United States District Judge